W. M. HOLLAND ET AL. V. HARRIS COUNTY.

No. 6828.   Decided March 10, 1937.
(102 S. W., 2d Series, 196.)

*C. M. Anderson* and *C. F. Stevens,* both of Houston, for appellant.

Appellant, as special judge acting in lieu of the regular judge who is absent on account of illness, was entitled to compensation on the full salary payable to the regular judge. Jones v. Alexander, 122 Texas 328, 59 S. W. (2d) 1080; Trimmer v.

Carlton, 116 Texas 572, 296 S. W. 1070; Norman v. Wood, 33 S. W. 1112.

*E. A. Knipp,* of Houston, for appellee.

Appellant was not in fact a member of the juvenile board and performed none of the duties thereof, and was not entitled to compensation as such. Wynn v. Edmondson Land & Cattle Co., 150 S. W. 310; Cobb & Gregory v. Parker, 242 S. W. 1018.

*Fulbright, Crooker & Freeman* and *C. A. Leddy,* all of Houston, filed argument as amici curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

It is only necessary to state the substance of the certificate. Hon. W. M. Holland (now deceased) served as Special Judge of the Criminal District Court of Harris County, under due appointment, in the absence on account of sickness of the regular Judge, Hon. Whit Boyd, from September 9, 1929, to October 29, 1929. A portion of his salary as Special Judge was paid, but that portion of his claim presented to the Commissioners Court of Harris County, amounting to $4.10 per day for 51 days, was not allowed. This suit was to recover that portion of his compensation.

The question of law to be decided arises in this way:

The Judges of the District Courts of Harris County, including the Judge of the Criminal District Court, are by virtue of Article 5139 of the Revised Statutes of 1925 constituted a Juvenile Board for that County. Also by virtue of that statute they receive as a salary $1500.00 per year more than other district judges of the State who are not members of a Juvenile Board. It is contended by appellee Harris County that under Article 6821 of the Revised Statutes of 1925, fixing the salaries of special judges, Special Judge Holland was not entitled to be paid on the basis of the salary payable to the regular district judges of Harris County, but on the basis of the salary payable to other district judges. In other words, that as Judge Holland did not perform any duties as a member of the Juvenile Board, and was not in fact legally a member of that board, in fixing his compensation no consideration should be taken of the $1500.00 additional salary payable to the district judges of Harris County. Appellants, as representatives of Judge Holland, contend that he was entitled to compensation on the basis of the full salary payable to the regular district judges of that county. The Court of Civil Appeals for the First Supreme Ju-

dicial District held in their favor, and reversed and rendered judgment for the amount claimed. On motion for rehearing, however, the court has certified to the Supreme Court the question of whether or not its construction of the statutes was correct.

The provision with reference to salaries of special judges is Article 6821 and the pertinent portions are as follows:

"The salaries of special judges . . . shall be determined and paid as follows: Each special judge shall receive the same pay as district judges for every day that he may be occupied in performing the duties of judge."

The question turns upon the inquiry as to whether or not the additional $1500.00 per year allowed the regular judges of Harris County is a part of their annual salary, or whether or not it is merely additional compensation paid to them for services as members of the Juvenile Board of the county. We think the question is settled by the plain language of the statute, in light of the decision in the case of Jones v. Alexander, 122 Texas 328, 59 S. W. (2d) 1080, in which the opinion was adopted by the Supreme Court. Article 5139 is as follows:

"In any county having a population of one hundred thousand or over, according to the preceding Federal census, the judges of the several district and criminal district courts of such county, together with the county judge of such county, are hereby constituted a Juvenile Board for such county. The *annual salary* of each of the judges of the civil and criminal district courts of such county as members of said board shall be $1,500 in addition to that paid the other district judges of the State, said additional *salary* to be paid monthly out of the general funds of such county, upon the order of the commissioners court." (Emphasis ours.)

The constitutionality of this article was upheld in the case of Jones v. Alexander, supra. The underlying principle upon which the law was sustained was the right of the Legislature to impose upon district judges additional duties and labors, not judicial in character, and because of such imposed additional duties to increase their salaries in a manner commensurate with the services to be performed. The language of the opinion clearly indicates that the statute was construed as establishing the annual salaries of district judges in counties having a Juvenile Board at a sum $1500.00 per year higher than the salaries paid judges who were not members of such a board; and not as mere additional compensation paid to such judges for serv-

ices as members of the Juvenile Board. It seems to be the clear import of the statute to fix one salary of such judges and not merely to pay them the salary paid other judges and in addition to pay them compensation of $1500.00 per year for acting as members of the Juvenile Board. We think the purpose was not to pay them $1500.00 as members of the Juvenile Board, but to increase their salaries $1500.00 per year because of the additional duties and labors. This $1500.00 is a part of their pay as district judges. This being true, it follows that under Article 6821 the special judge is entitled to receive the "same pay" as the regular district judge in whose behalf he serves.

We conclude, therefore, that the Court of Civil Appeals was correct in holding that Judge Holland was entitled to the amount of his claim against the County, and in rendering judgment in his favor for that amount.

Opinion adopted by the Supreme Court March 10, 1937.