

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Affirmed by C-397

July 23, 1963

Hon. Douglas A. Newton
District Attorney
63rd Judicial District
Courthouse
Del Rio, Texas

Dear Mr. Newton:

Opinion No. C-110

Re: Amount of salary due
retired judges called
to active duty under
the provisions of
Article 200a, V.C.S.

You have requested the opinion of this office as to the correct amount of salary that is payable to a retired district judge who is called to active duty on the bench by the Presiding Judge of an Administrative Judicial District, under the provisions of Article 200a, Vernon's Civil Statutes.

Section 5a of Article 200a, V.C.S., reads in part as follows:

" . . .

"The compensation, salaries and expenses of such (retired) judges while so assigned or reassigned shall be paid in accordance with the laws of the state, except that the salary of such retired judges shall be paid out of moneys appropriated from the General Revenue Fund for such purpose in an amount representing the difference between all of the retirement benefits of such judge as a retired district judge and the salary and compensation <u>from all sources</u> of the judge of the court wherein he is assigned, and determined pro-rata for the period of time he actually sits as such assigned judge. Added Acts 1957, 55th Leg., p. 1236, ch. 408, sec. 1." (Emphasis supplied)

Since the passage of this Act, the Comptroller of Public Accounts has interpreted the above provision to mean that the payments from the General Revenue Fund shall be made for only that part of the regular judge's salary that is paid by the State. The Comptroller's construction operates to exclude from the computation any salary that is received by the regular judge from the county because of administrative duties or membership on a juvenile board. A county is authorized or directed to make

-543-

these payments to a regular judge by virtue of statute, and these payments become part of the salary of the regular district judge. Holland v. Harris County, 129 Tex. 118, 102 S.W.2d 196 (1937).

The Comptroller views the Holland case, supra, as authority for his position that the State is required to pay only the pro rata part of the regular district judge's salary that is received from the State, relying on the fact that the Holland case held that Harris County was required to pay to Judge Holland a pro rata share of what it normally paid to the regular district judge for his activities in connection with the juvenile board of the county. Holland does not support the position of the Comptroller in this regard, for the following reasons: (1) Holland was concerned with a special judge appointed under the provisions of Article 6821, V.C.S.; (2) Article 6821, V.©.S., provides that a special judge shall receive the "same pay" as a regular district judge, but makes no special provision as to the source of that pay. It seems quite clear then, and the Holland case so assumed, that the pay for the special judge was to come from the same sources as the pay of the regular judge. Insofar as an interpretation of Article 200a is concerned, the Holland case is authority only for the proposition that statutory compensation for administrative duties or juvenile board duties is considered to be part of a judge's regular salary.

It should be noted that in 1961, the Legislature enacted Articles 6819a-19b, 6819a-25a and 6819a-26. These statutes apply respectively to Harris County, Bexar and Dallas Counties, and to Tarrant County. Since the phraseology is similar in each statute, we will quote the pertinent portion from only one of them, Article 6819a-19b:

> "Section 1. (a) . . . Any district judge of the State who may be assigned to sit for the judge of any district court in such counties under the provisions of Article 200-A, Revised Civil Statutes, may, while so serving, receive in addition to his necessary expenses, additional compensation from county funds in an amount not to exceed the difference between the pay of such visiting judge from all sources and that pay received from all sources by district judges in the counties affected by the provisions of this Act, such amount to be paid by the county upon approval of the presiding judge in which said court is located."

It is the contention of the Comptroller that the above cited statutes buttress their construction of the language of Article 200a, in that here the Legislature has clearly expressed an intention to impose upon the counties the burden of paying their share of the costs of assigning a retired judge to sit.

We do not agree with that view of the action taken by the Legislature in the above cited statutes.

By the enactment of Articles 6819a-19b, 6819a-25a, and 6819a-26, the Legislature has clearly placed upon the particular counties concerned the burden of paying the compensation of retired judges called under the provisions of Article 200a. The counties concerned with these enactments are the largest in this State, and presumably the ones most able to meet any unexpected financial outlay, such as the salary of an additional district court judge. We must further note that, at the same session of the Legislature that enacted the three statutes above referred to, granting additional compensation to district judges of certain counties, the Legislature enacted five other similar statutes, affecting smaller counties, and excluded the provision for county payment of expenditures necessitated by the calling of a retired judge under Article 200a. (Articles 6819a-19a, 6819a-27, 6819a-28, 6819a-29, 6819a-30). This is compelling evidence of the Legislative intent, and must override the Departmental construction placed upon it by the Comptroller.

In view of the foregoing, we must hold that the plain language of Article 200a, section 5a, V.C.S., is controlling. A retired judge assigned under the provisions of the Act is entitled to have his compensation based upon the total statutory salary of the district judge for whom he is assigned, regardless of whether such salary comes from the State or from the county and shall be paid out of moneys appropriated from the General Revenue Fund for such purpose.

## S U M M A R Y

When a retired district judge is assigned under the provisions of Article 200a, V.C.S., his compensation is to be based upon the total statutory salary of the district judge for whom he is assigned, regardless of whether such salary comes from the State or from the county and shall be paid out of

moneys appropriated from the General
Revenue Fund for such purpose.

Yours very truly,

WAGGONER CARR
Attorney General

By *Malcolm L. Quick*
Malcolm L. Quick
Assistant

MLQ:jh:zt

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Frank Booth
Cecil Rotsch
Howard Mays

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone