

# The Attorney General of Texas

November 21, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin. TX. 78711
512/475-2501


701 Commerce. Suite 200
Dallas, TX. 75202
214/742-8944


4824 Alberta Ave.. Suite 160
El Paso. TX. 79905
915/533-3484


723 Main, Suite 610
Houston, TX. 77002
713/228-0701


806 Broadway. Suite 312
Lubbock. TX. 79401
806/747-5238


4313 N. Tenth. Suite F
McAllen. TX. 78501
512/682-4547


200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191


An Equal Opportunity/
Affirmative Action Employer

Honorable Ben Z. Grant, Chairman
Judiciary Committee
House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-87

Re: Salaries of district attorneys.

Dear Representative Grant:

You have requested our opinion on the salary of district attorneys under section 3 of the Professional Prosecutors Act, article 332b-4, V.T.C.S. That section provides:

> Sec. 3. Each district attorney governed by this Act shall receive from the state compensation equal to 90 percent of the compensation that is provided for a district judge in the General Appropriations Act. Each commissioners court may supplement the district attorney's state salary, but shall in no event pay the district attorney an amount less than the compensation it provides its highest paid district judge.

Your specific question is:

> In computing a district attorney's supplementary salary, should the commissioners court include the compensation provided to a district judge for service on the Juvenile Board?

It is well established that any compensation received by a judge for his service on the juvenile board is for services rendered as a judge. Jones v. Alexander, 59 S.W.2d 1080 (Tex. 1933); Attorney General Opinions H-461 (1974); H-123 (1973). In Holland v. Harris County, 102 S.W.2d 196 (Tex. 1937), the court was required to determine the amount of salary due a special judge. The special judge was entitled to the same pay as a district judge. The district judges received a supplement for their services on the juvenile board, but the special judge had no duties with regard to the juvenile board. Nevertheless, the Supreme Court held that the juvenile board compensation

was for services as a judge and that it was required to be included in computing the pay due the special judge. But cf. Allen v. Davis, 333 S.W.2d 441 (Tex. Civ. App. — Amarillo 1960, writ ref'd n.r.e.) (county court-at-law judge not entitled to additional compensation paid county judge for juvenile board service).

Accordingly, since compensation paid by a county to a district judge by virtue of his service on the juvenile board is part of his compensation within the meaning of section 3 of article 332b-4, V.T.C.S., the amount must be included in determining the minimum supplement which may be paid the district attorneys.

## SUMMARY

In determining the minimum pay due district attorneys covered by the Professional Prosecutors Act, which supplements the district attorney's salary, a county must include any supplement it pays district judges for service on the juvenile board.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood