## LAMON v. FERGUSON.
### No. 9745.

Court of Civil Appeals of Texas. Austin.
July 7, 1948.

Rehearing Denied July 29, 1948.

Ben L. King, of Burnet, for appellant.

L. Hamilton Lowe, of Austin, for appellee.

Price Daniel, Atty. Gen., amicus curiae.

HUGHES, Justice.

Appellee is the Hon. T. C. Ferguson, District Judge of the 33rd Judicial District. Appellant, Miss Lucy Lamon, is County Treasurer of Burnet County.

Appellee is a member of the Juvenile Board of Burnet County, created and established by art. 5139, Vernon's Ann.Civ. St., as amended by H. B. 257, Acts 50th Leg., 1947, Ch. 326, p. 560. Since December 1, 1947, he has fully and faithfully performed his duties as a member of such Board.

The Commissioners Court of Burnet County, under authority of H. B. 257, fixed appellee's compensation as a member of the Juvenile Board at $150 per annum, and ordered issuance of a warrant for the payment of such salary for the months December 1947 through April 1948.

Upon advice from the Attorney General that H. B. 257 was unconstitutional, appellant refused to pay such warrant, and this suit, a mandamus proceeding, is brought to compel payment.

Trial was before the court upon an agreed statement of facts and the sole issue presented is whether or not H. B. 257 is constitutional in so far as the claim of appellee is concerned. The portion of H. B. 257 here involved, provides: "In any county having a population of less than seventy thousand (70,000) inhabitants according to the last preceding Federal Census, which county is included in, and forms a part of a Judicial District of seven (7) or more counties having a combined population of more than fifty-two thousand (52,000) inhabitants, or which county is included in and forms a part of a Judicial District of five (5) or more counties having a combined population of more than seventy-two thousand (72,000) and less than ninety-five thousand (95,000) inhabitants according to the last preceding Federal Census, or which county is included in and forms a part of a Judicial District of five (5) or more counties, in one (1) or more of which counties the civil and criminal jurisdiction vesting by General Law in the County Court has been, or hereafter shall be, transferred to the exclusive jurisdiction of the District Court of such county or counties, and having a combined population in such Judicial District of more than thirty-five thousand (35,000) inhabitants, according to the last preceding Federal Census; or which county is included in and forms a part of a Judicial District composed of four (4) counties having a combined population of not more than sixty-two thousand (62,000) inhabitants according to such last preceding Federal Census, one (1) or more counties in which districts border on the International Boundary between the United States and the Republic of Mexico; the Judge of such Judicial District, together with the County Judge of such county are hereby constituted a Juvenile Board for such county. The members composing such Juvenile Board in each such county shall each be allowed additional compensation of not less than One Hundred Dollars ($100) per annum, and not more than Three Hundred Dollars ($300) per annum, which shall be paid in twelve (12) equal installments out of either the general fund or the jury fund of such county, such additional compensation to be fixed by the Commissioners Court of such county."

The Thirty-third Judicial District of Texas is composed of seven counties (Burnet, Llano, San Saba, Menard, Blanco, Mason and Gillespie) having a combined population of more than 52,000 inhabitants, and Burnet County has a population of less than 70,000 inhabitants, according to the last preceding Federal Census. Such Judicial District also is composed of more than five counties having a combined population of more than 35,000 inhabitants according to the last preceding Federal

Census, in three of which counties the civil and criminal jurisdiction of the County Courts has been, by prior laws, transferred to the exclusive jurisdiction of the District Courts of the respective counties.

Appellant's brief consists of two opinions of the Attorney General's Department holding H. B. 257 to be unconstitutional, in that it violates the following provisions of art. III, Sec. 56, of our Constitution, Vernon's Ann.St.

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing: * * *

"Regulating the affairs of counties, cities, towns, wards or school districts; * * *

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; * * *"

■ In construing the provision of the Constitution quoted last above, it has been held that it is the sole province of the Legislature to determine whether or not a general law can be made applicable. Beyman v. Black, 47 Tex. 558; Smith v. Grayson County, 18 Tex.Civ.App. 153, 44 S.W. 921 (Writ Ref.); Logan v. State, 54 Tex.Cr.R. 74, 111 S.W. 1028; and Harris County v. Crooker, Tex.Civ.App., 224 S.W. 792, affirmed 112 Tex. 450, 248 S.W. 652.

The only remaining question, presented by appellant, is whether or not H. B. 257 is a local or special law "regulating the affairs of counties" within the meaning of art. III, Sec. 56, of our Constitution.

If the duties devolving upon the District and County Judges by the terms of H. B. 257 are to be performed upon behalf of the State and not on behalf of the counties as entities distinct from the State, then H. B. 257 is not a local or special law regulating the affairs of counties even though its application is not state-wide but is restricted to certain localities. Stephensen v. Wood, 119 Tex. 564, 34 S.W.2d 246; Harris County v. Crooker, Tex.Civ.App., 224 S.W. 792, affirmed 112 Tex. 450, 248 S.W. 652; Lytle v. Halff, 75 Tex. 128, 12 S.W. 610.

■ "The welfare of minors has always been a matter of deep concern to the state." Jones v. Alexander, 122 Tex. 328, 59 S.W. 2d 1080, 1081.

In that case the court held constitutional art. 5139, R.C.S. 1925, Acts 1917, p. 27, Acts 1921, p. 273 which provided that in any county having a population of one hundred thousand or over the Judges of the several District and Criminal District Courts of such county together with the County Judge, should constitute a juvenile board, and fixed the annual salary of each of the District and Criminal District Judges, as members of such board, at $1,500. H. B. 257 is an amendment of art. 5139.

■ The purpose of H. B. 257 is the same as the purpose of art. 5139. Both laws provide means for promoting the welfare of minors, a matter in which the State at large is interested.

■ The State has the right to designate and make use of District and County Judges as agents of the State in discharge of a state duty and to compensate them for the performance of this work. Jones v. Alexander, supra.

■ There is probably no more pressing domestic problem confronting the American people today than that of coping with juvenile delinquency. Our Legislature has, as indicated by H. B. 257 and other laws, properly interested itself in the solution of this problem, and the courts should not, in the absence of some compelling specific constitutional provision, undo its efforts.

■ * * * when a judge pronounces a law to be contrary to the constitution, he must be able to put his finger upon the provision of that instrument which prohibits the act, or from which the prohibition necessarily arises." Judge Brown in Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650, 656.

■ In our opinion appellant has not cited any constitutional provision enabling us to meet this test, and our own research ends in the same result.

We have carefully considered all of the authorities cited by appellant, the strongest of which are: Ward v. Harris County (Galveston CCA. Writ Denied), Tex. Civ.App., 209 S.W. 792; Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400; and Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467; Oakley v. Kent (Eastland CCA.) Tex.Civ.App., 181 S.W.2d 919; Miller v. El Paso County, 130 Tex. 370, 150 S.W.2d 1000; Jameson v. Smith (El Paso CCA. Writ Ref. W.M.) Tex.Civ.App., 161 S.W.2d 520.

These cases all hold that local and special laws raising or lowering the salaries of county officers, including the County Judge, or otherwise regulating purely county affairs, are unconstitutional. In none of such cases does the court hold that the Legislature is without authority by special act to impose upon a county officer extra duties to be performed upon behalf of the State and to be compensated therefor.

The Attorney General in an Amicus Curiae brief has suggested that the judgment of the trial court is erroneous because it ordered payment of appellee's warrant to be made from the jury fund of Burnet County, his contention being that H. B. 257, authorizing such payment, is in violation of Sec. 9, art. VIII, of the Constitution.

This point is well taken. Carroll **v.** Williams, 109 Tex 155, 202 S.W. 504.

H. B. 257 authorized payment of appellee's compensation out of either the general fund or the jury fund, and the Commissioners Court ordered payment to be made from the jury fund. Although this portion or the order is void, the Commissioners Court has the authority to order that payment be made out of the general funds of Burnet County. Jones v. Alexander, supra.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

GRAY, J., disqualified and not sitting.