

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 27, 1951

Hon. Rogers Kelley, Chairman
Senate Water Rights, Irrigation
  and Drainage Committee
52nd Legislature
Austin, Texas

Opinion No. V-1158

Re: Constitutionality of
Section 24a of Senate
Bill No. 28, 52nd Leg-
islature, the Surface
Water Code, exempting
any stream subject to
an international treaty
from certain water ap-
propriation require-
ments in this bill.

Dear Sir:

     Your request for the opinion of this office is
as follows:

     "As Chairman of the Senate Water Rights,
Irrigation and Drainage Committee, I respect-
fully request your opinion concerning a pro-
posed amendment to Senate Bill No. 28 now
pending in the Senate. Attached is a copy
of this bill and the suggested amendments
for your consideration.

     "The Committee desires to know whether
or not an amendment to this bill, by insert-
ing a section to be known as Section 24a pro-
viding that the provisions of Sections 22,
23 and 24 of the bill shall not apply to any
stream or portion thereof which is subject to
a treaty between the United States of America
and any foreign nation, is constitutional.

     "The purpose of this amendment is to ex-
clude the waters of the Rio Grande River and
its tributaries below Fort Quitman from the
provisions of these sections of the bill be-
cause of the existence of the treaty between
the United States and the Republic of Mexico,
known as the 1944 Water Treaty; Section 9b

whereof provides that before any additional
water may be diverted on the American side
of the river in excess of that which was be-
ing diverted at the time the treaty was adopt-
ed the International Boundary Commissioner
must certify its availability.  It is thought
by the proponents of this amendment that be-
cause of the existence of this treaty which
restricts the diversion of the waters of the
Rio Grande the exemption of those waters from
the provisions of the above named sections
would not be in violation of any constitu-
tional provision.

"The Committee desires your opinion as
to whether or not the insertion of said Sec-
tion 24a will render the bill, or any of its
provisions, to any extent invalid, and if so
to what extent."

The constitutional provision applicable to
your question is Section 56 of Article III, Constitu-
tion of Texas, which provides in part that

". . . in all other cases where a general
law can be made applicable, no local or
special law shall be enacted. . . ."

In construing the above provision of the Con-
stitution, it has been held that "it is the sole province
of the Legislature to determine whether a general law can
be made applicable."  Lamon v. Ferguson, 213 S.W.2d 86
(1948), and cases cited therein.

It is our opinion, however, that the amendment
in question is a general law and not a local or special
law within the meaning of Section 56 of Article III, Con-
stitution of Texas.

In Reed v. Rogan, 94 Tex. 177, 59 S.W. 255, 257
(1900), the court considered the validity of an act pro-
viding that in a certain section of the State the school
lands which have been leased shall not be subject to sale
during the existence of the lease.  In construing Sec-
tion 56 of Article III, it was stated:

"This brings us to the second question,
is it a local law, within the meaning of
section 56 of article 3 of the constitution?
Local it is in the sense that it applies to

the lands of the state situate in a particular locality. But, in our opinion, it is not local within the meaning of the term as used in our constitution. The question as to what constitutes a local law in the latter sense came before us at the last term of this court, and it was there held that the act of 1897, restricting the compensation of certain officers in a designated class of counties in the state, and commonly known as the 'Fee Bill,' was not a local law. Clark v. Finley, 93 Tex. 173, 54 S.W. 343. The effect of that decision was the holding that the mere fact that a law was made to operate upon certain counties of the state, and was not operative as to others, did not make it either a local or special law; and it seems to us that the point there decided is decisive of the question now under consideration. While the determination of the counties in which the law should have effect depended upon the population of the respective counties of the state, it was distinctly as local in its operation as the provision the validity of which is now involved in this suit. <u>It has been well said that 'a law is not local that operates upon a subject in which the people at large are interested.'</u> (Emphasis added.)

In <u>Stephensen v. Wood</u>, 119 Tex. 564, 34 S.W.2d 246, 249 (Comm. App. 1931), the court was considering the validity of an act to make it unlawful for any person to use a seine net or other device for catching fish or shrimp in numerous bays, streams, bayous, and canals of the State and specifically exempted from its provisions Matagorda Bay, San Antonio Bay, part of Aransas Bay, and a part of Corpus Christi Bay. It was contended that by excluding these waters from the provisions of the act and not advertising same was in violation of Sections 56 and 57 of Article III, Constitution of Texas. After discussing at length the holding in <u>Reed v. Rogan, supra</u>, the court stated:

"Under the above authorities we hold that the act in question is a general and not a local or special law within the meaning of sections 56 and 57 of article 3 of our state Constitution. The statute operates upon a subject-matter in which the people at large

are interested; it applies with equal force
to all persons everywhere; and the fact that
it only operates in certain localities grows
out of the subject-matter.  To say that the
Legislature cannot enact laws to protect the
fish along a certain part of the coast line
of the state because such a law would be
local or special would be to say that all
such regulations must apply to every part of
the state.  A regulation protecting fish in
the coastal waters which is made to apply
to the entire state would be an idle and use-
less thing, as most of our counties have no
coast line at all.  Also the protection of
fish and their spawning grounds along any
part or all of the coast line of the state
is a matter of general public interest.
For the reasons stated, we hold this to be
a general law."

Also, in McGee Irrigating Ditch Co. v. Hudson,
85 Tex. 587, 22 S.W. 967 (1893), the Supreme Court held
that an act providing that unappropriated water of any
river or natural stream within the arid portions of the
State in which by reason of insufficient rainfall irri-
gation is necessary for agricultural purposes, may be
diverted from its natural channel for irrigation, was
not a local or special law within the meaning of the
Constitution.  See also Clark v. Finley, 92 Tex. 171,
54 S.W. 343 (1899); Handy v. Johnson, 51 F.2d 809 (E.D.
Tex. 1931).

In the instant case, the amendment applies to
the waters of the Rio Grande River, a subject in which
the people at large are interested.  Moreover, this is
the only river separating the State of Texas from a
foreign country.  Thus the amendment does not exclude
any waters or persons similarly situated from its pro-
visions.

## SUMMARY

Section 24a of Senate Bill No. 28 of
the 52nd Legislature, which excludes the
waters of the Rio Grande River from the
provisions of the act, is not a local or
special law within the meaning of Section

56 of Article III, Constitution of Texas.
Reed v. Rogan, 94 Tex. 177, 59 S.W. 255,
257 (1900); Stephensen v. Wood, 119 Tex.
554, 34 S.W.2d 246 (Comm. App. 1931);
Lamon v. Ferguson, 213 S.W.2d 86 (Tex.
Civ.App. 1948).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce Allen

Bruce Allen
Assistant