Robert J. ALLEN, Appellant,

v.

Bill DAVIS et al., Appellees.

No. 6915.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1960.

Rehearing Denied March 7, 1960.

Robert J. Allen, Lubbock, for appellant.

Howard, Clifford, Blanchard & Moore, Lubbock, for appellees.

CHAPMAN, Justice.

Plaintiff below, appellant here, is Hon. Robert J. Allen, Judge of the County Court at Law of Lubbock County. Appellees are Lubbock County; the Commissioners Court of Lubbock County composed of Bill Davis, County Judge and Arch Lamb, Les Derrick, George Green, and Alton Brazil, County Commissioners; each of them individually; Jane Reiger, Lubbock County Treasurer; and Royal Furgeson, Lubbock County Auditor. Mandatory injunction was sought by appellant against appellees requiring them to pay him $221.76 which he alleged was due him in salary for services as Judge of the County Court at Law of Lubbock County during the year 1955, in addition to the regular salary paid him for said year. The case was tried to the court and judgment rendered for appellees that they were neither required nor permitted to pay appellant the sum demanded.

The County Court at Law of Lubbock County was created by Acts 1950, 51st Legislature, 1st C.S. and is now Article 1970-340, Vernon's Ann.Civ.St. Section 21 thereof provides:

"The Judge of the County Court at Law of Lubbock County shall receive the same salary and be paid from the same fund and in the same manner as is now prescribed or may be established by law for the County Judge of Lubbock County, Texas, to be paid out by the County Treasurer of Lubbock County, Texas, on the order of the Commissioners Court of said County, and said salary shall be paid monthly in equal installments."

Article 5139, R.C.S., Vernon's Ann.Civ. St. art. 5139, as amended in Acts 1947, 50th Legislature created the County Juvenile Board and provided, " * * * the Judges of the several District and Criminal District Courts of such county, together with the County Judge of each county, are hereby constituted a Juvenile Board of such county." The Article then set the compensation of the Judges of the Civil and Criminal District Courts as members of the Juvenile Board at $1,500 a year, in addition to that paid other District Judges of the State, said additional compensation to be paid monthly out of the general fund of such county, upon the order of the Commissioners Court. The County Judge thereof was constituted a member of said Board

but was not awarded any compensation for his services as a member thereof.

Subsequent to the date Lubbock County came within one of the population brackets provided in Article 5139 there was passed by acts 1955, 54th Legislature what is now Article 3912e–5b, Vernon's Ann.Civ.St., applying to that county alone and which provided the County Judge of Lubbock County might be allowed the additional compensation of $1,500 per year for serving as a member of the Juvenile Board to be paid in 12 equal installments out of the General Fund of such County. On June 27, 1955, and after Article 3912e–5b became effective the Commissioners Court of Lubbock County passed an order allowing the County Judge thereof $1,500 per annum as additional compensation for his services as a member of the Juvenile Board of that County, as authorized by the Acts of the Legislature last above named. On August 23, 1955, the Commissioners Court passed an order rescinding the June 27, 1955, order. Up to the time of rescinding the order the County Judge of Lubbock County had been paid or was thereafter paid the total sum of $221.76. It is this amount appellant is seeking to recover, contending he is entitled to that amount because it was paid to the County Judge of Lubbock County.

It seems to be settled law that Article 5139, R.C.S., creating the County Juvenile Board is constitutional. Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (Com. App., Opinion Adopted).

It has been held that a statute (Art. 3912e–5) which provides additional salary to the county judge in only two counties as a member of the Juvenile Board is not unconstitutional as a local or special law in violation of that part of Article 3, Section 56 of the Constitution of Texas, Vernon's Ann.St., which provides: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing: * * * Regulating the affairs of counties, cities, towns, wards or school districts;" or "Creating offices, or

prescribing the powers and duties of officers, in counties. * * *" Travis County v. Matthews, Tex.Civ.App., 235 S.W.2d 691, 699 (NRE).

A statute establishing a Juvenile Board in certain counties, composed of the County Judge and the Judge of the Judicial District in which such county is located, imposes duties to be performed on behalf of the State and is not unconstitutional under Article 3, Section 56, Constitution of Texas as being a local or special law, "regulating the affairs of counties." Lamon v. Ferguson, Tex.Civ.App., 213 S.W.2d 86, 88 (NWH). Neither is such a statute violative of the constitutional inhibition against one person holding two civil offices of emolument. Jones v. Alexander, supra.

Other than the $221.76 compensation paid the County Judge of Lubbock County in 1955 for his services on the Juvenile Board his salary during the period in question was determined by Articles 3912e and 3883 and their subheadings and related statutes. These articles and their amendments were enacted pursuant to Article 16, Section 61, Constitution of Texas. Article 3912e as originally enacted removed district and county officers from the fee system in counties containing a population of over 20,000 inhabitants, among which was Lubbock County, and created the Officers' Salary Fund. In Lubbock County the "fee officers", including the County Judge, were paid their annual salaries from such fund and the non "fee officers", such as the County Auditor, were paid their salaries from the General Fund. Under Article 3883i salaries of county officers may now be paid from the General Fund of the county but this provision became effective subsequent to the period here under consideration.

Our courts have justified the constitutionality of fees paid the county and district judges for serving on the Juvenile Board at least partly upon the theory that they were performing functions for the

benefit of the State and not on behalf of the counties as entities distinct from the State. Jones v. Alexander, supra; Lamon v. Ferguson, supra. Therefore, we do not believe it was contemplated by the Legislature that a judge of a County Court at Law, a stranger to the Juvenile Board, could draw a salary for a service he was without authority to perform.

Appellant has indicated both by brief and oral argument that he relies heavily upon the case of Holland v. Harris County, 129 Tex. 118, 102 S.W.2d 196, for recovery. There are so many material distinguishing features in that case and the one at bar we believe it is inapplicable here. We believe a substitute or special district judge as in the Holland case had the authority to do any and all official acts the regular district judge could have performed for whom he was substituting. Article 5, Section 11, Constitution of Texas and Article 1916, R.C.S. Certainly the Judge of the Lubbock County Court at Law could not have served on the Juvenile Board. Of course he also could not serve as a probate judge or a member of the Commissioners Court either, but those limitations were placed in the act creating the court and declaring the method of paying his salary; viz., from the same fund (not funds) and in the same manner as is now prescribed (not hereafter prescribed). We also believe the act that created the Lubbock County Court at Law contemplated the Judge thereof would receive his salary from one fund. Additionally, the judges of the district and criminal district courts have never been "fee officers" but have been paid completely by the State where they were not Juvenile Board members and where they are such members each judge has been paid for his services on the Juvenile Board from the General Fund of the county he was serving for services rendered, at least in part, for the State.

Jones v. Alexander, supra; Lamon . v. Ferguson, supra.

■ We believe the law is settled in this state that where a statute is capable of two constructions, one of which would favor an officer contending for compensation from a political subdivision of the government above his salary and the other construction would not so favor such officer the construction should favor the government. Eastland County v. Hazel, Tex.Civ.App., 288 S.W. 518 (writ refused); Madden v. Hardy, 92 Tex. 613, 50 S.W. 926, 928. In the latter case the Supreme Court said:

> "We have under consideration a statute, the construction of which is very difficult. One construction would give to the official some compensation for his services in addition to his salary. The statute admits of another construction which would not have this effect. In such a case the latter should be adopted."

Finally, we believe if the statute providing the County Judge of Lubbock County might be paid $1,500 per annum additional compensation for his services as a member of the Juvenile Board, Art. 3912e–5b, should operate to give the Judge of the County Court at Law of Lubbock County additional salary it would be unconstitutional under Article 3, Section 56 of our Constitution concerning regulation of the affairs of counties, since he clearly would not be rendering any service for the State within the rule of Lamon v. Ferguson, supra. Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400; Jameson v. Smith, Tex.Civ. App., 161 S.W.2d 520; Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000.

All appellant's points are overruled and the judgment of the trial court is affirmed.

DENTON, C. J., not participating.