

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 29, 1960

Mr. D. C. Greer
State Highway Engineer
State Highway Building
Austin, Texas

Opinion No. WW-923

Re: Whether an employee of the
Texas Highway Department
traveling to Austin to re-
ceive a longevity award is
entitled to the per diem or
actual expenses which are
provided for in Section 33
of Article V of the General
Appropriation Act.

Dear Mr. Greer:

Your recent request for an opinion from this office
reads, substantially, as follows:

"In response to my request of November
10, 1959, your office issued opinion number
WW-790 which upheld the constitutionality of
the rider in our appropriation bill which
authorized us to give certain of our employees
longevity awards and pay for their transporta-
tion to Austin to receive such awards. . . ."

"Would you please advise me whether or not
an employee traveling to appear before the
Commission under the provisions of the subject
rider is entitled /in addition to transportation
expense/ to the per diem or actual expenses
which are provided for in Section 33 of Article
V of the General Appropriation Act."

The "rider" of which you speak in the General Appro-
priation Bill (House Bill 4, Acts of the 56th Legislature,
Third Called Session, 1959, chapter 23, page 442 at 590) pro-
vides as follows:

"As compensation in addition to that authorized to be paid above, the Highway Department is authorized to purchase and give to its employees at periodic intervals, under such rules and regulations as has been or may be adopted by the State Highway Commission, service award pins and certificates for longevity of service and safety award pins and certificates for safe operation of state equipment; and the Department is also authorized as further additional compensation to provide, at state expense, for the transportation of employees with 25 years or more of service from their designated headquarters to Austin and return at intervals of not less than 5 years for the purpose of appearing before the State Highway Commission to receive said longevity service awards." (Emphasis added)

Article 6823a, Vernon's Civil Statutes, the "Travel Regulations Act of 1959," deals with the payment of travel expenses to state employees. This Article mentions in its various sections three types of expenses, i.e. per diem or actual expenses, transportation allowance or transportation reimbursements and travel expenses. Therefore, we believe your question revolves around the interpretation of these expenses as applied to the above quoted rider.

A "per diem" allowance means a flat daily rate payment in lieu of actual expenses incurred for meals and lodging and as such shall be construed as additional compensation for official travel purposes only. Section 3a, Article 6823a, Vernon's Civil Statutes.

"Transportation" is the movement of things or persons from one place to another or implies the taking of persons or property at some point and putting them down at another. Words and Phrases, Vol. 42, page 513. The "reimbursement" or "allowance" allowed by the statute would be a paying back, or making restoration of an equivalent to the expense of this movement only.

"Travel expenses," as defined by the Supreme Court of Ohio in State v. Ferguson, 80 N.E. 2d 118 (120), comprehends transportation costs and other charges reasonably incident thereto while on a journey, including lodging, meals and kindred expenses incurred during the trip. We believe it was the Legislative intent for this term to have the above meaning as used

in Article 6823a, Vernon's Civil Statutes.

Therefore, applying all these definitions together, we find that "per diem" and "transportation" expense, allowance or reimbursement are two separate and apart rates which are applied for different reasons,[1] while "travel expense" is broad enough to encompass both terms.

The above quoted rider from the Appropriation Bill states that these pins and certificates are compensation in addition to that authorized and as further additional compensation to provide, at state expense, for the transportation of employees with 25 years or more service to Austin and the return trip. The term "transportation" expense is the only one used in this rider and, in view of the above, we are of the opinion the scope of its meaning does not include "per diem" allowance.

The term "transportation" expense, even though we feel it would be unjustified, might be construed to mean "travel" expense, thereby including the payment of "per diem" allowance. If this be so, the "per diem" allowance to be paid, according to the above rider, would be "additional compensation." Thus, being subject to two constructions, we believe the following rule would apply.

In Allen v. Davis, 333 S.W. 2d 441 (444), the court stated:

> "We believe the law is settled in this
> state that where a statute is capable of two

---

[1]The Legislature bears this out by its treatment of the terms in Article 6823a. Section 3b states:

> "The rate of per diem and transportation allowance and method of computing these rates shall be those set forth in General Appropriation Acts providing for the expenses of the state government from year to year." (Emphasis added)

Section 6d, states:

> "When two or more employees travel in a single private conveyance, only one shall receive a transportation allowance, but this provision shall not preclude each traveler from receiving a per diem allowance." (Emphasis added)

constructions, one of which would favor an officer contending for compensation from a political subdivision of the government above his salary and the other construction would not so favor such officer the construction should favor the government."

Likewise, the Supreme Court stated in Madden v. Hardy, 92 Tex. 613, 50 S.W. 926 (928):

". . . We have under consideration a statute, the construction of which is very difficult. One construction would give to the official some compensation for his services in addition to his salary. The statute admits of another construction which would not have this effect. In such a case the latter should be adopted. . . ."

For this additional reason, we are of the opinion that the authority granted by the General Appropriation Bill to pay the transportation of certain highway employees to Austin and return does not include the granting of per diem allowance to these individuals.

### SUMMARY

An employee of the Texas Highway Department traveling to Austin to receive an award for which the transportation is paid out of state expense is not entitled to the per diem or actual expenses provided for in Section 33 of Article V of the General Appropriation Act.

Yours very truly,

WILL WILSON
Attorney General of Texas

James M. Farris
Assistant

JMF:hb

Mr. D. C. Greer, Page 5 (WW-923)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Paul W. Floyd, Jr.
Lawrence Hargrove
Raymond V. Loftin
William H. Pool, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.