

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

WAGGONER CARR
ATTORNEY GENERAL

September 8, 1966

Honorable Royal Hart
District Attorney
119th Judicial District
San Angelo, Texas

Opinion No. C-756

Re: Whether Article 513900,
V.C.S., was repealed by
the recently enacted
Code of Criminal Pro-
cedure, and whether
said Article is a local
or special law proscrib-
ed by the Texas Constitu-
tion.

Dear Mr. Hart:

In a recent letter to this office you requested an opinion in regard to the above referenced matter. We quote from your letter as follows:

"Question: Is Article 5139.00 R.C.S. re-pealed by the Texas Code of Criminal Procedure?

"Question: Is Article 5139.00 a valid statute and in compliance with local publi-cation requirements of special acts?

"I have been unable to find any authority except Article 54.02 of the Code of Criminal Procedure which provides that special pro-visions regarding criminal procedure contained in the Revised Civil Statutes are not repealed by the Code. Since the appointment of an Adult Probation Officer is not a criminal pro-cedure, in my opinion a Runnels County Adult Probation Officer should be appointed in ac-cordance with the new Code of Criminal Proce-dure and to such extent 5139.00 has been repealed by the new Code since the Code prescribes a different method of appointment of Adult Pro-bation Officers upon a uniform basis throughout the State.

". . ."

-3632-

Section 56 of Article III of the Constitution of Texas, provides in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, . . .

" . . .

"Regulating the affairs of counties, cities, towns, wards or school districts; . . ."

Article 513900, Vernon's Civil Statutes, provides as follows:

"Sec. 2A. The Juvenile Board of Runnels County shall, with the consent of the County Commissioners Court, appoint the Juvenile and Probation Officer of Runnels County, who shall meet all the qualifications and perform all the duties of a juvenile officer as prescribed by the laws of this State, and who shall act as the Juvenile and Adult Probation Officer in Runnels County for the Juvenile Board and the Juvenile Court, for the courts of Runnels County having original jurisdiction of felony criminal actions. The Juvenile and Probation Officer shall be paid a salary as fixed by the Juvenile Board and approved by the County Commissioners Court."

The Repealing Clause of the Code of Criminal Procedure, Article 54.02, Vernon's Code of Criminal Procedure, provides, in part, as follows:

"Section 1. (a) Except as otherwise provided in this Article 54.02, all laws relating to criminal procedure in this State that are not embraced, incorporated, or included in this Act and that have not been enacted during the Regular Session of the 59th Legislature are repealed.

" . . .

"Sec. 2. (a) All laws and parts of laws relating to criminal procedure omitted from this Act have been intentionally omitted, and all additions to and changes in such procedure have been intentionally made. This Act shall be construed to be an independent Act of the Legis-

lature, enacted under its caption, and the
articles contained in this Act, as revised, re-
written, changed, combined, and codified, may
not be construed as a continuation of former
laws except as otherwise provided in this Act.
The existing statutes of the Revised Civil
Statutes of Texas, 1925, as amended, and of the
Penal Code of Texas, 1925, as amended, which con-
tain special or specific provisions of criminal
procedure covering specific instances are not
repealed by this Act.

". . ."  (Emphasis added.)

This office held in Attorney General's Opinion
R-2359 (1951) that a statute making provisions for juvenile
courts in certain counties did not violate the constitution-
al restrictions on local and special laws.  See also Attorney
General's Opinions R-2401 (1951), R-2447 (1951), R-2482
(1951) and R-2483 (1951).

In a recent case the Amarillo Court of Civil Appeals
took the same position as that taken in the above cited
Attorney General's Opinions:

"A statute establishing a Juvenile Board in
certain counties, composed of the County Judge
and the Judge of the Judicial District in which
such county is located, imposes duties to be
performed on behalf of the State and is not un-
constitutional under Article 3, Section 56,
Constitution of Texas as being a local or special
law, 'regulating the affairs of counties.'  Lamon
v. Ferguson, Tex.Civ.App., 213 S.W.2d 86, 88 (NWH).
. . ." Allen v. Davis, 333 S.W.2d 441 (Tex.Civ.App.
1960, no writ history).

We affirm the position taken by this office in the
above cited opinions and in Allen v. Davis, supra.  Inasmuch
as Juvenile Boards act as agents of the State rather than
as agents of their respective counties, it follows that
statutes such as Article 513900, cited above, which establish
procedures for the operation of Juvenile Boards cannot be
violative of the constitutional provision which prohibits
any local or special law "regulating the affairs of counties,
cities, towns, wards or school districts . . ."

You further ask whether Article 513900 is repealed
by the new Texas Code of Criminal Procedure.  The Code's Re-

pealing Clause repeals all laws relating to criminal procedure not embraced in the Code and then provides certain exceptions. Of interest to this question is the exception that reads as follows: "The existing statutes of the Revised Civil Statutes of Texas, 1925, as amended, . . . which contain special or specific provisions of criminal procedure covering specific instances are not repealed by this Act."

Two possibilities exist: (1) That Article 513900 is a law relating to criminal procedure or (2) Article 513900 is not a law relating to criminal procedure. In either event the Repealing Clause of Article 54.02 of the Code of Criminal Procedure does not repeal Article 513900, Vernon's Civil Statutes, because (1) only laws relating to criminal procedure are repealed by the Repealing Clause and (2) if Article 513900 is a law relating to criminal procedure, it falls within the exception which provides that existing statutes of the Revised Civil Statutes of Texas which contain special or specific provisions of criminal procedure are not repealed by the Repealing Clause. Therefore, the specific provisions of Article 513900 must be held to be exceptions to the general law in this area, which is found in Article 42.12, Vernon's Code of Criminal Procedure.

## S U M M A R Y

Article 513900, Vernon's Civil Statutes, was not repealed by the recently enacted Code of Criminal Procedure. Article 513900, Vernon's Civil Statutes, is not prohibited by Section 56 of Article III of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

BY: Lewis E. Berry, Jr.
Assistant Attorney General

LEBjr:ra:dh

Hon. Royal Hart, page 5   (C-756)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Malcolm Quick
John Banks
Robert Owen

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright