

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

November 19, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. H- 739

Re: Whether control of the
Texas School for the Blind may
be vested in a board composed
of five members of the State
Board of Education, and related
questions.

Dear Commissioner Brockette:

You have requested our opinion regarding section 20 of House Bill
1673, Acts 1975, 64th Leg., ch. 734, p. 2377 (hereafter the Act) which extensively
amends the laws relating to educational services for the blind and visually
handicapped.

Section 11.06 of the Texas Education Code formerly granted to the Central
Education Agency "exclusive jurisdiction and control over the Texas School
for the Blind." By the terms of section 11.24, the State Board of Education
has:

> specific responsibility for adopting
> policies, enacting regulations, and
> establishing general rules for carry-
> ing out the duties placed on it or the
> Central Education Agency by the
> Legislature.

Pursuant to such authority, the State Board of Education has heretofore acted
as the governing body of the Texas School for the Blind.

p. 3141

Section 20 of the Act adds section 11.061 to the Education Code and establishes

> as the principal governing body
> for the Texas School for the Blind
> a five-member board consisting of
> five individuals designated by the
> membership of the State Board of
> Education from among its member-
> ship to serve in this capacity and
> to be known as the Board of the
> Texas School for the Blind.

You ask first whether the Legislature may constitutionally confer this authority upon less than the full membership of the State Board of Education. Article 7, section 8 of the Texas Constitution provides:

> The Legislature shall provide by
> law for a State Board of Education,
> whose members shall be appointed or
> elected in such manner and by such
> authority and shall serve for such
> terms as the Legislature shall pre-
> scribe not to exceed six years. The
> said board shall perform such duties
> as may be prescribed by law. (Emphasis
> added).

In our opinion, the Constitution does not preclude the Legislature from vesting control of the Texas School for the Blind in a board composed of five members of the State Board of Education. The School for the Blind is not created by the Constitution, and we believe that the Legislature may provide for its governance by any reasonable means.

You also ask whether any conflict or incompatibility would arise as to the five members of the State Board of Education who constitute the Board of the Texas School for the Blind.  Article 16, section 40 of the Texas Constitution prohibits an individual from holding simultaneously more than one "Civil Office of emolument. "  A similar question arose in Texas Turnpike Authority v. Shepperd, 279 S. W. 2d 302 (Tex. Sup. 1955), where the Supreme Court upheld a provision of the Turnpike Projects Act which appointed three members of the State Highway Commission as ex-officio directors of the Texas Turnpike Authority.  The Court, in holding that there was no violation of article 16, section 40, declared that "[t]he Legislature may impose upon statutory officials extra duties, " and noted that the State Tax Board, composed of the Comptroller, the Secretary of State, and the Attorney General, had been upheld against a similar constitutional attack.  279 S. W. 2d at 308. The Court added that there was no possibility of incompatibility or conflict because the duties imposed upon the Commissioners as directors of the Toll Road Authority conformed to the general duties imposed upon the Highway Commission.

Similarly, the five members of the State Board of Education designated by  the Act as the Board of the Texas School for the Blind have no duties apart from those previously placed upon the Central Education Agency and the State Board of Education by the Texas Education Code.  See also Jordan v. Crudgington, 231 S. W. 2d 641, 646 (Tex. Sup. 1950); Jones v. Alexander, 59 S. W. 2d 1080, 1082 (Tex. Sup. 1933); Allen v. Davis, 333 S. W. 2d 441 (Tex. Civ. App. --Amarillo 1960, no writ).  Accordingly, it is our opinion that no prohibition under article 16, section 40 of the Texas Constitution or incompatibility under the common law doctrine would arise from a member of the State Board of Education simultaneously serving on the Board of the Texas School for the Blind.

Your last question inquires about the potential liability of members of the Board of the Texas School for the Blind which might arise by virtue of their performance of their duties prescribed by law.  We assume you refer to civil rights actions based on an act performed under color of state law.  The United States Supreme Court has recently dealt at length with this question as it relates to members of local school boards.  In Wood v. Strickland, 95 S. Ct. 992 (1975), the Court held that, on the basis of common law tradition and public policy, school board members are entitled to a qualified good faith immunity from liability for

damages under 42 U.S.C. § 1983. They may waive such immunity if they "knew or should have known that the action [they] took within [their] sphere of official responsibility would violate the constitutional rights of the student affected, or if [they] took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the student." 95 S. Ct. at 1001 The test is one of good faith, and a

> compensatory award will be appropriate
> only if the school [officials] acted with such
> an impermissible motivation or with such
> disregard of the student's clearly established
> constitutional rights that [their] action cannot
> reasonably be characterized as being in good
> faith. 95 S. Ct. at 1001.

Although we are of course unable to speculate on particular instances in which a civil rights action might be brought against the Board, we believe that, on the basis of the Supreme Court's clearly formulated standard in Wood, the members of the Board of the Texas School for the Blind may confidently perform their duties without fear of liability so long as they do so in good faith.

## SUMMARY

The Legislature may constitutionally vest control of the Texas School for the Blind in a board composed of five members of the State Board of Education. No incompatibility or conflict under article 16, section 40 of the Texas Constitution would arise from a member of the State Board of Education simultaneously serving on the Board of the Texas School

for the Blind.  Members of the Board
of the Texas School for the Blind have
a qualified immunity from liability for
damages, so long as they perform
their duties in good faith.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: