

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 25, 1975

The Honorable M. James Moritz, D. D. S.  
Secretary-Treasurer  
Texas State Board of Dental Examiners  
Capital National Bank Building  
Austin, Texas 78701

Opinion No. H- 648

Re: Propriety of supplemental salary for part-time executive secretary for Texas State Board of Dental Examiners

Dear Dr. Moritz:

You have asked our opinion about the legality of salary supplements made by the Board of Dental Examiners to compensate its part-time Executive Secretary for additional duties assumed at the request of the Board. Those additional duties concerned the administration of the dental laboratory and dental technician registration program mandated by article 4551f § 6, V. T. C. S., which was enacted by the 63rd Legislature in 1973. The State Auditor has questioned the legality of the payments already made for supplemental salary, and the State Comptroller has refused to honor vouchers for further payments.

Section 6 Article 4551f, V. T. C. S., requires dental laboratories and dental technicians to register with the Texas State Board of Dental Examiners each year, and to pay a fee "to the Dental Registration Fund." It creates the Dental Laboratory Advisory Board to advise the Board of Dental Examiners about matters concerning dental laboratories and dental technicians. The 1973 Act further provided:

> The income received from fees authorized by this Act is hereby appropriated to the Texas State Board of Dental Examiners for the fiscal years ending 1974 and 1975 for its expenditures for the implementation of this Act and for the purposes listed in the General Appropriations Bill as passed by the 63rd Legislature. Acts 1973, 63rd Leg., ch. 65, § 3.

The "Dental Registration Fund" is a creature of an earlier statute, article 4550a, section 3 of which provides that all annual registration fees collected by the Board of Dental Examiners are to be placed in the State Treasury to the credit of the Fund, that all expenditures from the fund shall be "for the purposes and in the amounts fixed by the Legislature in the general appropriations bills," and that the

p. 2845

State Board of Dental Examiners shall be authorized to employ and to compensate from such special funds employees and such other persons ". . . to assist the local prosecuting officers . . . and to carry out the other purposes for which said fund is hereby appropriated. " As amended in 1961, section 4 of article 4550a, authorizes the Board to employ an Executive Secretary "to aid the Board in performing the duties prescribed in this Section" and empowers the Board to fix his salary to be paid out of the "Dental Registration Fund. " It requires the Executive Secretary to give bond for the faithful performance of his duties and for "the safekeeping and proper disbursement of said 'Dental Registration Fund' and all other funds coming into his hands. " Cf. Attorney General Opinion O-4676 (1942). After enactment of section 6 of article 4551f, the Board of Dental Examiners directed that all functions of the Advisory Board would be handled through the central office of the Board of Dental Examiners (Board Minutes, Nov. 3, 1973). In January 1974 the Board of Dental Examiners and the Laboratory Advisory Board unanimously approved assignment to the part-time Executive Secretary of the Board of Dental Examiners of the major responsibility for administrative functions pertaining to the Dental Laboratory Advisory Board and its work for a salary of "$500 per month beginning September, 1973. " (Board Minutes, Jan. 13-14, 1974).

The current General Appropriations Act (Acts 1973, 63rd Leg. , ch. 659, p. 1952) specifies the following for the Board of Dental Examiners:

## BOARD OF DENTAL EXAMINERS

|  | For the Years Ending | |
|---|---|---|
|  | August 31, 1974 | August 31, 1975 |
| Out of the Dental Registration Fund: Personal Services-- | | |
| 2. Executive Secretary (part-time) | 12,000 | 12,500 |

The amounts specified above are appropriated from revenues received during each year of the biennium beginning with the effective date of this Act, and from any balances on hand at the beginning of each fiscal year of such biennium in the Dental Registration Fund (No. 86).

Attorney General Opinion H-553 (1975) cited authority to the effect that statutes which provide for the compensation of public officers are to be construed in favor of the government, and concluded that article 6813b, V. T. C. S. precluded the salary supplementation considered there. That 1965 statute (which repealed inconsistent laws and parts of laws) reads in part:

> Section 1. From and after the effective date of this
> Act, all salaries of all State officers and State employees,
> including the salaries paid any individual out of the General
> Revenue Fund, shall be in such sums or amounts as may be
> provided for by the Legislature in the biennial Appropriations
> Act. It is specifically declared to be one of the intents here-
> of that the Legislature shall also fix the amount of supplemen-
> tal salaries hereafter, out of court fees and receipts, to be
> paid to the clerks and other employees of the Courts of Civil
> Appeals, the Supreme Court and the Court of Criminal
> Appeals. It is further provided that in instances where the
> biennial Appropriations Act does not specify or regulate the
> salaries or compensation of a State official or employee, the
> law specifying or regulating the salary or compensation of
> such official or employee is not suspended by this Act.

We also quoted article 3, section 44 of the Texas Constitution which reads:

> The Legislature shall provide by law for the compensation
> of all officers, servants, agents and public contractors, not
> provided for in this Constitution, but shall not grant extra com-
> pensation to any officer, agent, servant, or public contractors
> after such public service shall have been performed or con-
> tract entered into, for the performance of the same; nor grant,
> by appropriation or otherwise, any amount of money out of the
> Treasury of the State, to any individual, on a claim, real or
> pretended, when the same shall not have been provided for by
> pre-existing law; nor employ any one in the name of the State,
> unless authorized by pre-existing law.

We believe these provisions control. Although parts of article 4550a and section 6 of article 4551f are susceptible of other interpretations, they must be read, if possible, in a manner consistent with article 6813b and the constitutional language. Madden v. Hardy, 50 S.W. 926 (Tex. Sup. 1899); Allen v. Davis, 333 S.W. 2d 441 (Tex. Civ. App. -- Amarillo. 1960, no writ). In Madden v. Hardy the Supreme Court of Texas said:

> We have under consideration a statute, the construction
> of which is very difficult. One construction would give to
> the official some compensation for his service in addition
> to his salary. The statute admits of another construction
> which would not have this effect. In such a case the latter
> should be adopted. 50 S.W. at 928.

That portion of article 4550a which authorizes the Board to fix the salary of the Executive Secretary must be read in light of the portion allowing expenditures from the Dental Registration Fund "in the amounts fixed by the Legislature in the general appropriations bills." Accordingly, in our opinion the Board is authorized to fix the salary of the Executive Director only within the limits set by the Legislature in the general appropriations act.

Section 6 of article 4551f, appropriating dental laboratory and dental technician registration fees to the Board of Dental Examiners "for its expenditures for the implementation of this Act and for the purposes listed in the General Appropriations Bill," does not expressly permit the Board to supplement the salary of its part-time Executive Secretary, or if it did, there are no standards to guide the Board in determining the additional amount which might be allowed. See Attorney General Opinion H-553 (1975). The general rule is that an officer is entitled to no additional compensation for discharging additional duties assigned to him unless the law expressly allows it. 47 Tex. Jur. 2d Public Officers § 177. We are aware of no different rule to be applied to "part-time" offices or positions.

The Executive Secretary of the Board is charged with the proper disposition of the Dental Registration Fund from which his salary is paid. Article 4550a, section 3 specifies that expenditures from the fund shall be "for the purposes and in the amounts fixed by the Legislature in the General Appropriations Bills." We do not believe the Legislature intended that the salary it fixed for the part-time Executive Secretary could be increased to suit the pleasure of the Board if the duties assigned to him by the Board of Examiners were changed to include some responsibility for the newly created Advisory Board. So far as we have been informed, he remained a part-time Executive Secretary even after assuming the additional duties.

In Attorney General Opinion O-1006 (1939) Attorney General Mann was asked to construe provisions in the then-current General Appropriations Act having to do with "part-time" and "full-time" positions. On page 6 of that opinion, and on subsequent pages, are these passages:

> It appears to us that the Legislature evidently . . .
> considered all salaried positions named in the Act
> be classified as ["full-time" positions], unless
> it had otherwise provided by designating a particular
> position as a 'part-time' one. The Legislature is
> presumed to have known exactly what was in the Act
> . . .

> In connection with what we have just said, we call

> your attention to the fact that the Act makes
> . . . specific appropriations for part-time
> employees . . . . [s]uch appropriations are
> as follows:
>
> State Board of Dental Examiners, item 2,
> 'Secretary part-time $1080'; . . . (Emphasis
> added)
>
> . . . Those listed above are definitely part-
> time employees. Some of them are not ex-
> pected to work full-time each day, but only
> a part thereof . . . Their positions are espe-
> cially created by a specific appropriation
> made for that purpose.
>
> . . .
>
> It seems to us that the Legislature has, by the
> Act under review, made a particular, definite,
> limited and precise appropriation for each and
> every salaried position provided for therein . . . .

Consequently, in our opinion, the State Auditor and the State Comptroller of Public Accounts are correct in treating the salary supplement payments as unauthorized by law.

## SUMMARY

Salary supplement payments to the part-time Ex-
ecutive Secretary of the Board of Dental Examiners
in excess of the salary fixed by the General Appro-
priations Act are unauthorized.

Very truly yours,

JOHN L. HILL
Attorney General of Texas