February 26, 2009

The Honorable Roy L. Cordes, Jr.                    Opinion No. GA-0694
Fort Bend County Attorney
301 Jackson Street, Suite 728                        Re: Whether a county must consider longevity pay
Richmond, Texas 77469-3108                          when determining a statutory county court judge's
                                                    salary under Government Code section 25.0005(a)
                                                    (RQ-0731-GA)

Dear Mr. Cordes:

    Under Government Code section 659.0445, certain district judges who receive a state-paid
salary are entitled to "longevity pay" in the amount of $20 per month for each year of service,
payable after 16 years of service. *See* TEX. GOV'T CODE ANN. § 659.0445(a)–(b) (Vernon Supp.
2008). Government Code section 25.0005(a) provides that a statutory county court judge who does
not engage in the private practice of law "shall be paid a total annual salary" that is "not less than
$1,000 less than the total annual salary received by a district judge in the county." *Id.* § 25.0005(a).
You state that two of Fort Bend County's five district judges receive longevity pay under section
659.0445.[1] You ask whether a county "must consider" the section 659.0445 longevity pay "when
determining the salary for a statutory county court judge in accordance with" section 25.0005(a).
Request Letter, *supra* note 1, at 1.

    A district judge's "total annual salary" in section 25.0005(a), "includes contributions and
supplements, paid by the state or a county." TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp.
2008). Section 25.0005 does not, however, define any of the relevant terms. The ordinary meaning
of "salary" is "a fixed regular payment . . . made by an employer to an employee," while a
"supplement" is "something that completes or enhances something else when added to it," and a
"contribution" is a "a gift or payment to a common fund." THE NEW OXFORD AMERICAN
DICTIONARY 374, 1504, 1707 (2001). Giving the term its ordinary meaning, "total annual salary"
in section 25.0005 is broad enough to encompass the amount of longevity pay received by a district
judge in the county.

    Section 25.0005(a), by its terms, requires that a statutory county court judge be paid not
less than $1000 less than the "total annual salary" received by "*a* district judge in the county."
TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2008) (emphasis added). The "word 'a' is

_____

[1]Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

synonymous with the word 'any.'" *Chavira v. State*, 319 S.W.2d 115, 120 (Tex. Crim. App. 1958). Thus, section 25.0005(a) plainly permits a county, in the situation you describe, to choose any of the district judges' total annual salaries as the baseline when determining a statutory county court judge's salary, including a district judge that does not receive longevity pay.[2] *See* TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2008); *see also Allen v. Davis*, 333 S.W.2d 441, 444 (Tex. Civ. App.—Amarillo 1960, writ ref'd n.r.e.) (stating that when a statute is susceptible of two constructions, one of which would favor an officer seeking compensation above his salary and the other which would not, construction should favor government). Accordingly, we conclude that a county may, but is not required to, consider the longevity pay amount received by some but not all district judges in the county when determining the salary for a statutory county court judge in accordance with Government Code section 25.0005(a).

---

[2]We note that Texas Attorney General Opinion GA-0012 concludes that a statutory county court judge should receive benefit replacement pay if he held office at the time when the district court judges received such pay. *See* Tex. Att'y Gen. Op. No. GA-0012 (2003) at 3. This conclusion was based principally on the "manifest intent of the [L]egislature in [Government Code section 25.0632(c)] to equalize the compensation of *similarly situated* district and statutory county court judges." *Id.* (emphasis added). Attorney General Opinion GA-0012 derived that intent from the legislative history of section 25.0632(c) addressing only Denton County. *See id.* at 2. We find no similar legislative intent regarding Government Code section 25.0005.

## S U M M A R Y

Based on the plain language of the statute, a county may, but is not required to, consider the amount of longevity pay received by some but not all district judges in the county when determining the salary for a statutory county court judge in accordance with Government Code section 25.0005(a).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee