[Civil No. 4316. Filed November 25, 1940.]

[107 Pac. (2d) 375.]

W. A. THOMPSON, Petitioner, v. ANA FROHMILLER, as State Auditor for the State of Arizona, and ANA FROHMILLER, Individually, Respondent.

Messrs. Woolf & Shute, for Petitioner.

. Mrs. Ana Frohmiller, *in propria persona*.

LOCKWOOD, J.—W. A. Thompson, hereinafter called petitioner, filed a petition for a writ of *mandamus* against Ana Frohmiller, as state auditor, requiring that she approve certain claims against the state for expenses incurred by him as a member of the state fair commission, and issue warrants therefor. The auditor demurred to the petition and then answered, and this being an original proceeding in this court, it is the demurrer which we are now considering. The material allegations of the petition are as follows: after setting up that petitioner is a member of the Arizona state fair commission, duly appointed, qualified and acting, it alleges that the commission did on February 14, 1939, adopt the following resolution:

"Mr. Heady moved that a resolution be passed whereby the Chairman, Mr. W. Thompson, Chandler, be allowed his mileage expense from Chandler to Phoenix and return, when he is acting in the interest of the Fair Commission. Mr. Nace seconded the motion and the motion carried unanimously."

It then continues that he was directed by the commission to assume the duty of superintending the work

incident to the care and preservation of the state fair grounds at Phoenix, and that in pursuance of such instructions he did travel to and from his home at Chandler, Arizona, to the state fair grounds at the times set forth in his claims; that thereafter he presented to the auditor claims for said mileage expenses, duly itemized, which she rejected for the reason that they were travel expenses incurred in traveling from his home to his place of employment, and that the law did not authorize the payment of traveling expenses to a state officer for such purpose. The claims were presented a second time to the auditor, and by the latter certified to the governor who also rejected them, and petitioner thereafter brought this proceeding before us.

There are a number of objections to the petition set up by a demurrer of the auditor, most of which go to the procedure, but one raises the question of whether upon the facts stated petitioner has a legitimate claim against the state. In view of the fact that a determination of the demurrer on procedural points only would not definitely settle the question involved, but would leave it open to further litigation, we have decided to consider and determine it on the question involving the merits, to wit, whether a member of the state fair commission, who has been directed to superintend and supervise work at the state fair grounds at Phoenix, may recover daily mileage for travel between his home and the place where his duties are to be exercised. The claim is based on the provisions of section 3 of chapter 73, Regular Session Laws of 1935, which reads, so far as material, as follows:

"Sec. 3. Sec. 2944, Revised Code of 1928, is hereby amended to read as follows:

"Sec. 2944. Compensation Of Members; Personal Interest In Contracts Prohibited; Penalty. Each member shall receive actual and necessary expenses incurred while traveling in the interests of said commis-

sion and shall receive no other compensation as such member. . . . ''

We think the principle to be applied to all cases of mileage for public officers has been exhaustively discussed by us in the case of *Austin* v. *Barrett,* 41 Ariz. 138, 16 Pac. (2d) 12, 16. Therein we said:

"It is not necessary for us to decide in this case whether the phrase in our Code in regard to the 'necessary expenses incurred by them in the conduct of their offices' would be held to include such expenses, but we think it is going entirely too far to hold that the traveling expenses of officers from their places of residence to their offices are a 'necessary expense' in the conduct of their office, in the absence of a statute expressly or by conclusive implication allowing the same. If the Legislature in its wisdom so desires, it can, of course, in the future expressly allow such mileage; but in view of the momentous consequences which would result if the present statutes allow it, we cannot conceive such to have been their past intention."

 While the case in question involved only mileage of supervisors, we think the rule laid down therein applies to all other public officers, to wit, that unless the legislature has expressly and explicitly included in the expenses to be allowed such officers the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge.

 We are of the opinion that section 3, *supra,* does not reasonably include the expenses of petitioner in traveling daily from his home at Chandler to the state fair grounds at Phoenix, Arizona, for the performance of duties either as a commissioner or as an employee of the commission. If the legislature intends to include such expenses, it can and should say so explicitly.

The demurrer of the auditor to the petition is, therefore, sustained, and since it is obvious that the petition

cannot be amended to meet the objection on which we have passed, the alternative writ heretofore issued is quashed.

ROSS, C. J., and McALISTER, J., concur.