The Honorable Walter W. Meek County Auditor County of Duval San Diego, Texas 78384
Re: Travel allowances for members of the county commissioners court.
Dear Mr. Meek:
You have requested our opinion as to whether article 3912k, V.T.C.S., removes all restrictions on the amount a commissioners court may allot to its members as an automobile allowance, and if that allowance must be related in some way to the number of miles driven on official businss, whether the mileage between home and office may be considered. Article 3912k provides in part:
 Section 1. Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.
 Sec. 2. (a) The salaries, expenses, and other allowances of elected county and precinct officers shall be set each year during the regular budget hearing and adoption proceedings on giving notice as provided by this Act.
. . . .
 Sec. 8. To the extent that any local, special, or general law, including Acts of the 62nd Legislature, Regular Session, 1971, prescribes the compensation, office expense, travel expense, or any other allowance for any official or employee covered by this Act, that law is repealed.
(Emphasis added).
Article 3912k gives to the commissioners court authority to fix the amount which shall be received for travel expenses by county and precinct officials, including the commissioners themselves. No formula is specified for the calculation of traveling expenses. The legislature therefore apparently did not intend that members of the commissioners court would be required to show that traveling expenses allowed them had been actually incurred before payment could be made. Attorney General Opinions WW-513 (1958); V-1344 (1951). Thus, we believe the legislature intended, in enacting article 3912k, to authorize counties to continue the type of lump-sum reimbursement for traveling expenses previously authorized by the legislature. See V.T.C.S. art. 2350o, Acts 1959, 56th Leg., ch. 221 at 502, as amended Acts 1971, 62nd Leg., ch. 811 at 2489; art. 2350p, Acts 1971, 62nd Leg., ch. 583 at 1927. Nonetheless, we believe that the use of the term `expense' in article 3912k requires that the sum set by the commissioners as `travel expense' reflect the expenses actually incurred by county officials in the conduct of official business. While county officials may receive a monthly travel allowance without the need to account for every mile traveled when their duties require traveling from their official stations on a continuing basis, the sum set as a travel allowance must be premised upon some basis of fact and reasonable calculation. See Letter Advisory No. 89 (1975).
You have asked whether travel between home and office may be considered as official mileage subject to compensation under article 3912k. We do not believe that article 3912k authorizes compensation for such travel. Statutes authorizing reimbursement of a public official for expenses or services are to be interpreted strictly. Madden v. Hardy, 50 S.W. 926 (Tex. 1899); Housing Authority of the City of Harlingen v. State ex rel. Velasquez, 539 S.W.2d 911 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.); Allen v. Davis, 333 S.W.2d 441
(Tex.Civ.App.-Amarillo 1960, no writ).
 [U]nless the legislature has expressly and explicitly included in the expenses to be allowed such officers the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge.
Thompson v. Frohmiller, 107 P.2d 375, 376 (Ariz. 1940). See also Austin v. Barrett, 16 P.2d 12 (Ariz. 1932); State ex rel. Carman v. Sims, 115 S.E.2d 140 (W.Va. 1960); 67 C.J.S. Officers § 91b. Cf. Attorney General Opinion M-873 (1971) (approving reimbursement in emergency situations when the place of departure and final destination is the employee's home rather than his designated official headquarters). We do not believe that article 3912k constitutes such an explicit authorization for reimbursement of travel expenses between home and office in normal circumstances.
 SUMMARY
Article 3912k, V.T.C.S., authorizes a county commissioners court to fix the amount which shall be received by county and precinct officials, including the commissioners themselves, as reimbursement for traveling expenses. County officials may receive a monthly travel allowance without the need to account for every mile traveled when their duties require travel from their official stations on a continuing basis, but the allowance must be reasonably related to expenses actually incurred. Travel between home and office is not official travel subject to reimbursement in normal circumstances.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee