W. T. Harrison, Jr. Attorney Sarasota-Manatee Airport Authority Sarasota
QUESTION:
Are members of the Sarasota-Manatee Airport Authority entitled to reimbursement for travel expenses in traveling to and from their homes and the airport authority office, located on the Sarasota-Bradenton Airport?
SUMMARY:
In the absence of an express and explicit provision in the special act creating the Sarasota-Manatee Airport Authority, members of the airport authority are not entitled to reimbursement for travel expenses in traveling to and from their homes and the airport authority office.
The Sarasota-Manatee Airport Authority was created by Ch. 31263, 1955, Laws of Florida, as a `body politic and corporate' for the purposes of acquiring and maintaining airport facilities on behalf of the four participating political subdivisions — Sarasota and Manatee Counties and the Cities of Bradenton and Sarasota. Originally members of the airport authority were entitled to `be reimbursed for the amount of actual expenses incurred by them in the performance of their duties.' Section 3, Ch. 31263, 1955, Laws of Florida. In 1977, the Legislature revised and consolidated the provisions regarding the Sarasota-Manatee Airport Authority; s. 3 was amended to provide:
 The members of the authority shall serve without compensation but shall be reimbursed for the amount of actual expenses incurred by them in the performance of their duties. All travel expenses, subsistence and lodging expenses of members of the authority and of authority employees shall not exceed those prescribed by s. 112.061, Florida Statutes, unless actual reasonable expenses in excess of those prescribed by s. 112.061, Florida Statutes, are specifically authorized prior to the incurring of such expenses by action of the authority taken in a regular monthly meeting in which the question of such expenses appears as a separate item on the agenda. [Section 3(f), Ch. 77-651, Laws of Florida (effective October 1, 1977).]
According to your letter, the airport authority is in doubt as to the propriety of paying the travel expenses of authority members traveling to and from their homes and the airport authority office and has therefore requested an opinion from this office regarding the propriety of such reimbursements for expenses incurred prior to October 1, 1977, as well as subsequent to October 1, 1977.
The provisions and limitations contained in s. 112.061, F. S., the state Uniform Travel Expense Law, are applicable to `[a]ny . . . authority, district, public body, body politic . . . or any other separate unit of government created pursuant to law,' and to `all public officers, employees, and authorized persons whose travel expenses are paid by a public agency,' s. 112.061(1)(a) and (2)(a), F. S., except that `[t]he provisions of any special or local law, present or future, shall prevail over any conflicting provisions in [s. 112.061], but only to the extent of the conflict.' Section 112.061(1)(b)2., F. S. Thus the provisions of Ch. 31263, 1955, Laws of Florida, will prevail over any conflicting provisions contained in s. 112.061, regarding the travel expenses of the authority's members, but only to the extentof the conflict. Chapter 31263, 1955, Laws of Florida, and the subsequent amendment thereto in 1977 by Ch. 77-651, Laws of Florida, both, however, contain substantially the same requirement as s. 112.061 that the reimbursement of expenses be limited to those expenses incurred `in the performance of their duties.' See
s. 112.061(3)(a), F. S., requiring a signed statement by the traveler's supervisor stating that such travel is on the official business of the state and s. 112.061(3)(b), F. S., limiting travel expenses under s. 112.061 `to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the agency . . . .'
Neither Ch. 31263, 1955, Laws of Florida, nor Ch. 77-651, Laws of Florida, expressly authorizes reimbursement for mileage or travel expenses incurred in traveling from the residence of the authority's members to the office or official headquarters of the authority and return. Compare s. 458.04(1), F. S., in which the Legislature expressly authorized members of the Board of Medical Examiners to receive per diem and mileage as provided in s.112.061 from their place of residence to the place of meeting and return; see also s. 459.21 (State Board of Osteopathic Medical Examiners); s. 467.04 (State Board of Architecture); s. 470.06 (State Board of Funeral Directors and Embalmers); s. 473.21 (State Board of Accountancy); s. 475.08 (Florida Real Estate Commission); and s. 476.18(3) (Barbers Sanitary Commission) which contain similar provisions. The right of a public officer to compensation for expenses incurred by him in the performance of an official duty must be found in a provision of the constitution or a statute conferring it directly or by necessary implication and an officer cannot recover compensation additional to the compensation fixed by statute for such expenses. 67 C.J.S. Officers s. 91(a). Reimbursement for mileage incurred by members in traveling to and from their homes and the authority's office is not expressly authorized by the special acts establishing the airport authority. Moreover, this office has consistently interpreted s. 112.061, F. S., to authorize reimbursement for travel expenses incurred only for travel away from the travelers' official headquarters as defined in s. 112.051(4), F. S. See, e.g., AGO's 077-123, 077-117, 076-56, and 074-132. In AGO 075-237 this office concluded that district school board members are not entitled to reimbursement for mileage in traveling from their homes to the district's administrative headquarters; they are, however, entitled to `vicinity mileage' when it is officially authorized and is clearly shown to be necessary to carry out their official duties. See s.112.061(7)(d)2., F. S.; cf. AGO's 074-132 and 064-21. This interpretation is in keeping with the general principle that `[u]nless the legislature has expressly and explicitly included in the expenses to be allowed public officers the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge.' (Emphasis supplied.) 67 C.J.S. Officers s. 91(b), p. 330. Accord: Attorney General Opinions 064-21 (circuit court judges); 072-248 (state attorneys); 074-132 (district court of appeal judges); and 075-237 (district school board members; cf. Thompson v. Frohmiller, 107 P.2d 375, 376 (Ariz. 1940), in which the court stated that `it is going entirely too far to hold that the traveling expenses of officers from their places of residence to their offices are a `necessary expense' in the conduct of their office, in the absence of statute expressly or by conclusive implication allowing the same.'
Thus neither the enabling legislation for the airport authority nor s. 112.061, F. S., expressly authorizes reimbursement for mileage in traveling from the member's residence to the authority's headquarters and return. Section 3(f) of Ch. 77-651, Laws of Florida, empowers the authority to exceed only the rates or amounts prescribed by s. 112.061. Any rates so exceeded, however, must be for travel in performance of a duty or function of the authority authorized by law; moreover, such expenses must be authorized by law, not by the authority. Reimbursement for expenses incurred in traveling to the authority's headquarters from a member's residence in the absence of express and explicitlegislative authorization would not be a legitimate public charge. Accordingly, I am of the opinion that members of the Sarasota-Manatee Airport Authority were not, prior to 1977, and are not presently entitled to reimbursement for travel expenses incurred in traveling to and from their homes and the airport authority office.
Prepared by: Joslyn Wilson, Assistant Attorney General