REQUESTED BY: Randy R. Stoll Seward County Attorney
May members of the Seward County Board of Supervisors who are elected by district and required to reside within their district be reimbursed for mileage traveled to and from meetings of the Seward County Board of Supervisors.
No.
In opinion No. 224 dated May, 3, 1976, we concluded that the members of the Thurston County Board of Supervisors who were elected at large were not entitled to reimbursement for mileage traveled to and from meetings of the Thurston County Board.
In that opinion, we relied upon the holding of the Supreme Court of Appeals of West Virginia in the case ofState ex rel. Carmen v. Sims, 155 S.E.2d 140 (1960), and the holding of the Supreme Court of Arizona in Thompson v.Frohmiller, 107 P.2d 375. In both cases the courts held that County Officers were not entitled to be reimbursed for the mileage traveled from their homes to their place of employment. We are aware of no instance wherein the Nebraska Supreme Court has directly addressed this question.
In our 1976 opinion, we distinguished the conclusions reached therein from our opinion dated July 17, 1948, wherein we had concluded that the members of the Adams County Board of Supervisors were entitled to such reimbursement. We distinguished that 1948 opinion on two grounds. First, the Adams County Board of Supervisors at that time were elected by district, and secondly, the statutory authority in existence in 1948 was more specific than that which was in existence in 1976 at the time of our opinion concerning Thurston County.
Until the instant inquiry, we have not been called upon to directly reconsider the present accuracy of the conclusions reached in our 1948 opinion.
In 1948, Neb.Rev.Stat. § 32-128 provided: `Members of County Boards shall each be allowed for the time they shall be necessarily employed in the duties of that office the sum of $5.00 per day and 5 cents per mile. . . .'
This provision was repealed by the Nebraska Legislature in 1961. Presently, Neb.Rev.Stat. § 23-1112 (Supp. 1980), provides as is pertinent here:
 When it is necessary for any county officer or his or her deputy or assistants, except any county sheriff or his or her deputy, to travel on business of the county, he or she shall be allowed mileage at the rate established for state employees pursuant to section 84-306.03, for each mile actually and necessarily traveled by the most direct route, . . .
We are of the opinion that the conclusions reached in our opinion dated July 17, 1948, are no longer correct given the present language of Neb.Rev.Stat. § 23-1112 (Supp. 1980), and the opinion stated therein concerning reimbursement for mileage traveled to and from meetings of County Boards is hereby withdrawn.
Therefore, given the holdings of the Supreme Court of Appeals of West Virginia and the Supreme Court of Arizona and the general concept that travel in the nature of commuting is generally not considered a reimbursable expense and the language of Neb.Rev.Stat. § 23-1112 (Supp. 1980), we are of the opinion that the members of the Seward County Board of Supervisors even though they are elected by district, are not entitled to mileage to and from the meetings of the Seward County Board of Supervisors.
Very truly yours, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General